FILED

October 14, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:40 AM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| GARY THOMPSON | ) | Docket No.: 2016-05-0208 |
|      Employee, | ) | |
| v. | ) | State File Number: 77822-2014 |
| MESA INTERIOR CONST. CO., | ) | |
| INC., | ) | |
|      Employer, | ) | Judge Dale Tipps |
| And | ) | |
| BRIDGEFIELD CAS. INS. CO. | ) | |
|      Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUSTED BENEFITS

This matter came before the undersigned workers' compensation judge on October 12, 2016, on the Requests for Expedited Hearing filed by the employee, Gary Thompson, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Thompson is entitled to medical benefits for his alleged lumbar spine injury. The central legal issue is whether Mr. Thompson is likely to establish at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court holds Mr. Thompson is not entitled to the requested medical benefits at this time.[1]

### History of Claim

The following facts were established at the Expedited Hearing. Mr. Thompson was injured in a fall at work on October 1, 2014. Mesa accepted the claim as compensable and provided benefits, including cervical fusion surgery with Dr. Douglas Mathews. After Mr. Thompson reached maximum medical improvement, a Bureau mediator assisted the parties in negotiating a mediated settlement of his claim. Before the settlement could be approved, however, a conflict arose over the question of whether Mr.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

Thompson was entitled to continuing medical treatment for his lumbar spine complaints.

Mr. Thompson testified he had no low back problems prior to his work accident. After the accident, he consistently told his treating physicians that, in addition to his neck problems, he had low back pain. He described the pain as "sharp" and said it has been constant since the accident. Dr. Mathews performed an MRI and prescribed a brace for his back, which provided no relief.

On cross-examination, Mr. Thompson confirmed he was provided with three physician panels. He selected Dr. Richard Garvin from the first panel. When Dr. Garvin referred him to a surgeon, Mr. Thompson selected Dr. Mathews from a second panel. He chose Dr. John Nwofia from the third panel after Dr. Mathews referred him to pain management. He continues to treat with Dr. Nwofia for his neck injury.

Records from Dr. Garvin show that he treated Mr. Thompson for cervical and lumbar pain from October 6, 2014, through April 29, 2015. The last time he saw Mr. Thompson, Dr. Garvin diagnosed "Neck Pain/Mod to severe Cervical Degenerative Changes" and "LBP/T-Spine Pain." He referred Mr. Thompson for an orthopedic surgery evaluation. (Ex. 5 at 42-63.)

On May 11, 2015, Mr. Thompson saw Dr. Mathews for the first time, complaining of back and neck pain. After examining Mr. Thompson and reviewing his cervical MRI, Dr. Mathews diagnosed cervical stenosis, disc displacement, and radiculopathy. Dr. Mathews performed anterior cervical decompression on July 7, 2015. Mr. Thompson followed up with Dr. Mathews after his surgery until November 23, at which time Dr. Mathews referred him to pain management. *Id*. at 1-24.

Mr. Thompson's attorney sent a letter to Dr. Mathews on April 28, 2016, asking, "Is it your opinion that Mr. Thompson's back injury arose primarily out of and in the course and scope of his employment on or about October 1, 2014." Dr. Mathews checked the "yes" response, but indicated Mr. Thompson retained no permanent impairment as a result of his lumbar injury. (Ex. 7.)

Dr. Mathews gave his deposition in this matter on August 31, 2016. When Mesa's attorney asked about his response to the April 28 letter, he testified that the injury to which he was referring was a lumbar strain. (Ex. 4 at 21.) In the absence of any physical findings of an anatomical injury, Dr. Mathews felt this strain "should maximally resolve at six months; and if he complains of something further, then it's something unrelated to the strain." He went on to say "it's more likely than not that the injury has resolved and that his . . . recurrent complaints are related to aging effects of the spine." He felt that Mr. Thompson could get additional treatment for his low back complaints, but "I don't feel that it's related to the strain injury that he had at work. *Id.* at 22-24.

On cross-examination, Dr. Mathews admitted Mr. Thompson suffers from chronic back pain. *Id*. at 36. He also acknowledged that the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) provides a range of impairment for lumbar strain or sprain, and that the Guides do not require objective findings for that rating. *Id.* at 32, 35. Dr. Mathews stated that, under the AMA Guides, he would assign an impairment rating of one percent based on continued subjective complaints of chronic pain. However, he explained he disagreed with the AMA Guides' approach because he did not believe a strain is a chronic problem. *Id.* at 38-39.

The Mediating Specialist filed a Dispute Certification Notice on August 4, 2016, and Mr. Thompson filed a Request for Expedited Hearing. At the Hearing, Mr. Thompson asserted he is entitled to medical treatment for low back complaints. He contended this is an accepted claim and the only basis for Mesa's denial is the lack of objective findings on the lumbar MRI. Instead, Mr. Thompson relied on Dr. Mathews' statement that his back pain arose primarily out of his work accident.

Mr. Thompson further argued that the fact that Dr. Mathews was able to assign a permanent impairment under the AMA Guides is proof that his current condition is work-related. He also contended Dr. Mathews' conclusion that the original strain or sprain has resolved is mere conjecture, as he has not seen Mr. Thompson in almost a year. Because Mesa has not authorized any treatment for his low back, Mr. Thompson claimed that the exact nature of his condition is unknown, as is the necessity of any treatment. He argued that he is entitled to a medical evaluation to answer these questions.

Although it does not dispute the compensability of Mr. Thompson's claim, including his back injury, Mesa countered that he is not entitled to any additional medical treatment for that part of his claim. It, too, relied on Dr. Mathews' testimony in support of its position – specifically, his opinion that Mr. Thompson's lumbar strain has resolved and his current complaints are unrelated to the injury. Mesa further contended that Mr. Thompson must present objective medical proof of an acute low back injury, and he has failed to meet this burden.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Mr. Thompson need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1)(2015).

To prove a compensable injury, Mr. Thompson must show that his alleged injury arose primarily out of and in the course and scope of his employment. *Id*. at § 50-6-102(14). To do so, he must show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. *Id*. at § 50-6-102(14)(A). Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *Id*. at § 50-6-102(14)(C). "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility." *Id*. at § 50-6-102(14)(D).

Applying these principles to the facts of this case, the Court first notes the parties do not dispute that Mr. Thompson suffered a work injury on October 1, 2014. Further, Dr. Mathews' opinion that "Mr. Thompson's back injury arose primarily out of and in the course and scope of his employment on or about October 1, 2014" is unrefuted. Mr. Thompson thus appears likely to establish a compensable low back injury at a hearing on the merits. The issue, then, is whether he is entitled to additional medical treatment for that injury.

Under the Workers' Compensation Law, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). "The injured employee shall accept the medical benefits . . . provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015). Further, Tennessee Code Annotated section 50-6-102(14)(E) (2015) establishes a rebuttable presumption of correctness for any causation opinion given by an authorized physician selected from a panel.

Dr. Mathews is entitled to the statutory presumption because Mr. Thompson selected him from a panel of authorized physicians. He stated that Mr. Thompson's work-related low back strain has resolved and his current complaints arise from another, unrelated cause. This is the only medical opinion offered as evidence by the parties and is presumed to be correct. Therefore, the Court cannot find at this time that Mr. Thompson appears likely to meet his burden of proving his work injury was the cause of his current symptoms.

Mr. Thompson argued that Dr. Mathews' assignment of a permanent impairment under the AMA Guides is proof that his current condition is work-related. This argument is unpersuasive. Dr. Mathews' impairment rating only proves that Mr. Thompson had a work injury – which is undisputed – and that the injury resulted in a degree of permanent

impairment. It does not prove that the work injury requires further medical treatment.[2]

Mr. Thompson also contended that because he has not seen Dr. Mathews since November 2015, Dr. Mathews' conclusion that the work-related strain has resolved is mere conjecture. As a result, he argued that the exact nature of his condition and his need for treatment are unknown. The Court is sympathetic to this argument and notes it might have merit if there were any conflicting medical proof. Since there is none, the Court declines to substitute its medical judgment (or that of Mr. Thompson) for the professional opinion of a qualified neurosurgeon, Dr. Mathews.

Finally, Mr. Thompson argued that, because Dr. Mathews' opinion is questionable, and because Mesa has authorized no lumbar treatment with Dr. Nwofia, he is left with no means of obtaining another medical opinion. He contended this should entitle him to at least a medical evaluation.

This argument is akin to the theory that an employee does not have to prove compensability in order to establish the employer is obligated to provide a panel of physicians. In *McCord*, the Workers' Compensation Appeals Board found that:

> [W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*McCord* at *16, 17.

The Court finds there is no authority for the evaluation Mr. Thompson seeks. The issue in *McCord* and its progeny is whether an employee has provided sufficient evidence to satisfy their "burden at this interlocutory stage" that they are entitled to a panel of physicians. Mr. Thompson selected Dr. Mathews from one of three panels provided by Mesa. Thus, because Mesa satisfied the statutory duty addressed by *McCord*, it is inapplicable to Mr. Thompson's situation. Furthermore, the Workers' Compensation Appeals Board has determined that an employee has no right to a panel of physicians solely for evaluation purposes. *See also Coolidge v. City Winery Nashville, LLC, et al.*, No, 2016-06-1333 2016 TN Wrk. Comp. App. Bd. LEXIS 46, at *20 (Tenn. Workers' Comp. App. Bd. Sept. 23, 2016) ("[W]e have previously noted that an injured worker does not have a right to a panel of physicians solely for the purpose of an evaluation.").

---

[2] Insofar as Mr. Thompson contends doctors are statutorily bound to utilize the AMA Guides, the Court notes this is generally true on the issue of impairment, but irrelevant to the question of causation. The AMA Guides to the Evaluation of Disease and Injury Causation, which arguably would be more applicable, are not statutorily required and were not utilized in this case.

Based on the foregoing, as a matter of law, Mr. Thompson has not come forward with sufficient evidence from which this Court can conclude that he is likely to prevail at a hearing on the merits. His request for medical benefits for his lumbar condition is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Thompson's claim against Mesa and its workers' compensation carrier for the requested medical benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on December 1, 2016, at 9:00 a.m.

      **ENTERED this the 14th day of October, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

6

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Gary Thompson
2. First Report of Injury
3. C-26 Notice of Termination of Benefits
4. Deposition transcript of Dr. Douglas Mathews
5. Indexed medical records
6. C-30A Final Medical Report
7. April 28, 2016 letter to Dr. Mathews with responses

Technical record:[3]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Position Statements
5. Mediation Settlement Agreement

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 14th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Fisher | | | X | mfisher@ddzlaw.com |
| Alex Morrison | | | X | abmorrison@mijs.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**